JEFF BARNHILL v. THE STATE.

No. 3139.   Decided May 20, 1914.

**1.—Local Option—Insufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence was insufficient to prove a sale, the conviction can not be sustained.

**2.—Same—Evidence—Impeaching Own Witness—Perjury.**

While the impeaching testimony of the State's chief witness would not support the conviction of a violation of the local option law, yet it would furnish a good basis for a prosecution for perjury of said witness.

Appeal from the County Court of Jack. Tried below before the Hon. J. P. Simpson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25, and twenty days confinement in the county jail.

The opinion states the case.

*Henley & McComb,* for appellant.—On question of the insufficiency of the evidence: Freeman v. State, 52 Texas Crim. Rep., 500, 107 S. W. Rep., 1127; Lee v. State, 55 Texas Crim. Rep., 379, 116 S. W. Rep., 1153; Thompson v. State, 57 Texas Crim. Rep., 408, 123 S. W. Rep., 593.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of selling intoxicating liquor to W. I. Shadle in prohibition territory.

There is but one question we deem it necessary to discuss,—the sufficiency of the evidence to sustain the conviction. Shadle testified that he ran a livery stable in Jacksboro on the 12th day of October, 1913, and that he got three pints of whisky in a stall in his stable on that day; that he *did not* get it from defendant, and that *he had never testified* that he bought three bottles of whisky from appellant and paid him three dollars for it; that he did not remember what he testified before the justice of the peace, but he never testified that he had bought any whisky from appellant. That he loaned defendant $3 on the 12th of October, but nothing was said about whisky by either of the parties. That since that time Barnhill had offered to pay the money back, but under the advice of the sheriff he had refused to receive it. That this was during

carnival week in Jacksboro, and a good many people had whisky in his stable, but if appellant had any in the stable he did not know it.

This is all the evidence the State introduced to prove a sale by appellant to Shadle, and it fails to show a sale; consequently the case must be reversed and remanded.

The State introduced the justice of the peace who testified that on a former occasion Shadle had appeared before him and swore that he did buy these three bottles of whisky from appellant and paid him $3 for it; the sheriff testified that Shadle told him he had purchased this whisky from appellant and showed the whisky to him. It seems to us that while the testimony given by Shadle on the trial of this case will not support a conviction of appellant, yet it furnishes ample grounds to form the basis of a charge of perjury against Shadle, and the testimony adduced on this trial would sustain such charge, and he ought to be prosecuted therefor. If he swore falsely before the justice of the peace, and put appellant to the expense of defending against a false allegation, he should be punished. If he swore to the truth before the justice of the peace, on this trial he is testifying falsely and the interests of the State demand his conviction. The crime of perjury is one that all legitimate means should be used to stamp out, and if one is not of that character of man who from choice would testify to the truth, he should be made afraid not to do so by being made aware that he who testifies falsely in the courtroom is sure of speedy and certain punishment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*